IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BEAU WESLEY GENSMER,

Defendant.

**INDICTMENT**

18 U.S.C. § 1343
26 U.S.C. § 7206(2)

THE UNITED STATES GRAND JURY CHARGES THAT:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant BEAU WESLEY GENSMER ("GENSMER") was a United States citizen residing in the District of Minnesota.

2. Kismet LLC ("Kismet") was a Minnesota corporation formed by GENSMER in 2012, with a principal office in Prior Lake, Minnesota.

3. The G Group Corp ("G Group") was a Minnesota corporation formed by GENSMER in 2016, with a principal office in Prior Lake, Minnesota.

4. GENSMER utilized Kismet and G Group to provide purportedly legitimate services in connection with the preparation and filing of U.S. Individual Income Tax Returns – Forms 1040.

5. Taxpayers S.M., A.B., E.B., P.B., D.B., D.B.-H., J.K., and S.B. ("Clients") were members of the Shakopee Mdewakanton Sioux Community ("SMSC"), a Native American tribe that owns and operates the Mystic Lake and Little Six casinos in Prior Lake, Minnesota.

6. R.R. was a tax return preparer based in Brooklyn Center, Minnesota. GENSMER

hired R.R. in or around 2013 to prepare at least six tax returns on behalf of Clients.

7. T.B. was a tax return preparer who worked for an Anchorage-based payroll and tax preparation company. Beginning in or around 2014, GENSMER hired T.B. to prepare tax returns on behalf of Clients and others. In 2016, T.B. started her own tax preparation business in Anchorage, Alaska.

8. Sioux Native American Church of Shakopee ("SNACOS") was a Minnesota non-profit corporation formed by GENSMER on or around March 1, 2016.

9. The Internal Revenue Service (IRS) was part of the United States Department of the Treasury and, among other things, was responsible for administering the tax laws of the United States and collecting taxes.

The Scheme

10. Beginning in or around 2012, GENSMER approached members of SMSC, offering to assist in the preparation of their income tax returns in exchange for a percentage of any tax refund they received. GENSMER told Clients and other SMSC members that they were entitled to larger refunds than what they had previously received.

11. Clients and others hired GENSMER to assist with the preparation of their tax returns and agreed to pay GENSMER a portion of their refund. Between 2013 and 2018, GENSMER assisted in the filing of numerous false and fraudulent income tax returns for tax years 2011 through 2017, claiming larger refunds than to which Clients and others were entitled.

12. Once Clients and others hired GENSMER, he directed them to provide him with receipts of personal expenditures and financial information, including bank statements and bank login information. GENSMER told Clients and others that their personal activities and expenditures could be classified as business expenses, and that they were entitled to take

deductions for most of those costs.

13. GENSMER created limited liability corporations and obtained Employer Identification Numbers from the IRS on behalf of some clients.

14. GENSMER falsely and fraudulently listed Clients' personal expenditures as expenses attributable to such businesses, reducing Clients' reported taxable income and tax liability, thereby increasing the size of their tax refunds.

15. In or around 2014, when R.R. expressed concern over the large deductions that GENSMER reported to R.R. on behalf of a client, GENSMER approached T.B. about preparing Clients' and others' tax returns. T.B. agreed to prepare Clients' and others' tax returns, including those filed for 2016 and 2017, using information provided by GENSMER.

16. GENSMER drafted and prepared documents – referred to by GENSMER as "breakdowns" – for Clients and others that fraudulently characterized personal expenditures and assets as having legitimate business purposes, listing, among other items, false and fraudulent charitable contributions, false and fraudulent business expenses, and false and fraudulent partnership expenses.

17. GENSMER sent these breakdowns, containing false and fraudulent information, via email from Minnesota to T.B. in Alaska, who relied on them to prepare Clients' and others' income tax returns.

18. GENSMER caused Clients and others to sign and/or authorize the filing of their respective income tax returns without reviewing them, or explaining the claims and deductions contained therein, before they were filed with the IRS.

19. GENSMER instructed Clients and others to pay him approximately 30% of their refunds as a commission or consulting fee.

20. GENSMER paid T.B. approximately $2,500 per tax return she prepared, whereas T.B. typically received approximately $125 to $150 per individual income tax return she prepared for taxpayers not associated with GENSMER.

21. In or about March 2016, GENSMER registered SNACOS as a Minnesota non-profit corporation on behalf of S.M., A.B., and J.K., who believed it to be a legitimate non-profit to be used to create a family church that would host religious rituals and community gatherings.

22. SNACOS, however, did not engage in any legitimate business or charitable activity from its founding in 2016 to its administrative dissolution in 2020, nor was a church ever built.

23. The false and fraudulent losses and deductions claimed on Clients' and others' income tax returns changed year-to-year. For Clients' 2016 income tax returns, GENSMER used SNACOS as a vehicle to claim false partnership losses and unreimbursed partnership expenses.

24. For Clients' 2017 income tax returns, GENSMER used SNACOS as a vehicle to claim false charitable cash contributions. Clients never made cash contributions to SNACOS, nor did any of them tell GENSMER that they had made such donations.

25. GENSMER provided T.B. with false documentation attributable to SNACOS supporting the over $3 million in false losses for tax year 2016 and over $686,000 in false charitable contributions for tax year 2017, that were listed on the tax returns identified in Counts 7 through 20.

26. The fraudulent tax returns identified in Counts 7 through 20 resulted in a total tax loss of approximately $1.5 million. GENSMER received over $410,000 in the form of

commission payments for his assistance in the preparation of the tax returns identified in Counts 7 through 20.

## COUNTS 1-6

### Wire Fraud
### (18 U.S.C. § 1343)

27. The factual allegations in Paragraphs 1 through 26 of this Indictment are realleged and incorporated as though fully set forth herein.

28. Beginning in or about February 2013, and continuing through at least in or about April 2018, the exact dates being unknown to the Grand Jury, in the State and District of Minnesota and elsewhere, the defendant, BEAU WESLEY GENSMER, did knowingly devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

29. On or about the dates listed below, in the State and District of Minnesota and elsewhere, the defendant, BEAU WESLEY GENSMER, for the purpose of executing the scheme and artifice described above, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, signals, and sounds, from Minnesota to Alaska, including the following:

| Count | Date (on or about) | Wire Detail |
|---|---|---|
| 1 | 2/9/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to D.B.-H.'s tax return for 2017 |
| 2 | 2/10/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to A.B.'s tax return for 2017 |
| 3 | 2/12/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to S.B.'s tax return for 2017 |
| 4 | 2/18/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to D.B.'s tax return for 2017 |

| Count | Date (on or about) | Wire Detail |
|---|---|---|
| 5 | 3/10/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to E.B.'s tax return for 2017 |
| 6 | 4/15/2018 | An email from GENSMER to T.B. containing a breakdown of false and fraudulent information pertaining to P.B.'s tax return for 2017 |

All in violation of Title 18, United States Code, Section 1343.

## <u>COUNTS 7-20</u>

### Aiding and Assisting in the Preparation of a False Tax Return (26 U.S.C. § 7206(2))

30. The factual allegations in Paragraphs 1 through 26 of this Indictment are realleged and incorporated as though fully set forth herein.

31. On or about the dates specified below for each Count, in the State and District of Minnesota and elsewhere, the defendant, BEAU WESLEY GENSMER, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns - Forms 1040, for the taxpayers and tax years specified in the chart below.

32. The tax returns were false and fraudulent as to material matters, in that they reported, among other items, partnership losses, business expenses, and charitable contributions, as specified in the chart below, whereas GENSMER then and there knew the taxpayers were not entitled to claim the respective partnership losses, business expenses, charitable contributions, and other items, in the dollar amounts claimed.

| Count | Date Filed | Taxpayer | Tax Year | False Items | Amounts Reported |
|---|---|---|---|---|---|
| 7 | 1/26/2017 | S.M. | 2016 | Schedule E, Line 32, Total partnership loss | -$456,394 |
| 8 | 1/26/2017 | A.B. | 2016 | Schedule E, Line 32, Total partnership loss | -$389,793 |
| 9 | 2/13/2018 | A.B. | 2017 | Schedule A, Line 19, Gifts to charity | $185,875 |
| 10 | 2/7/2017 | E.B. | 2016 | Schedule E, Line 32, Total partnership loss | -$446,419 |
| 11 | 3/20/2018 | E.B. | 2017 | Schedule C, Line 1, Gross receipts | $13,181 |
| | | | | Schedule C, Line 28, Total expenses | $149,772 |
| | | | | Schedule A, Line 19, Gifts to charity | $95,398 |
| 12 | 3/21/2017 | P.B. | 2016 | Schedule E, Line 32, Total partnership loss | -$177,025 |
| 13 | 4/30/2018 | P.B. | 2017 | Schedule A, Line 19, Gifts to charity | $22,709 |
| | | | | Schedule A, Line 21, Unreimbursed employee expenses | $54,848 |
| 14 | 2/10/2017 | D.B. | 2016 | Schedule E, Line 32, Total partnership loss | -$372,108 |
| 15 | 3/5/2018 | D.B. | 2017 | Schedule C, Line 1, Gross receipts | $1,683 |
| | | | | Schedule C, Line 28, Total expenses | $62,495 |
| | | | | Form 4684, Line 31, Net casualty or theft loss | -$134,150 |
| | | | | Schedule A, Line 19, Gifts to charity | $113,365 |
| 16 | 2/3/2017 | D.B.-H. | 2016 | Schedule E, Line 32, Total partnership loss | -$469,018 |
| 17 | 2/12/2018 | D.B.-H. | 2017 | Schedule A, Line 19, Gifts to charity | $164,870 |
| 18 | 2/7/2017 | J.K. | 2016 | Schedule E, Line 32, Total partnership loss | -$489,563 |
| 19 | 1/26/2017 | S.B. | 2016 | Schedule E, Line 32, Total partnership loss | -$292,519 |
| 20 | 2/27/2018 | S.B. | 2017 | Schedule A, Line 19, Gifts to charity | $129,816 |

All in violation of Title 26, United States Code, Section 7206(2).

## FORFEITURE ALLEGATIONS

33. Counts 1 through 6 of this Indictment are hereby realleged and incorporated as if fully set forth herein, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

34. If convicted of one or more of Counts 1 through 6 of this Indictment, the defendant, BEAU WESLEY GENSMER, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343.

35. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

TRIAL ATTORNEY

FOREPERSON